**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROSSI WADE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:12-CV-312-B-BH** |
| | ) | |
| **TMS INSURANCE COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for

judicial screening.  Based on the relevant filings and applicable law, the case should be

**DISMISSED** without prejudice.

**I. BACKGROUND**

On January 31, 2012, Plaintiff filed this civil rights case against a middle school in

Irving, Texas, several employees of the school, and an insurance company.  (*See* doc. 3).  She

alleges that the defendants discriminated against, harassed and unfairly treated her minor

daughter by making her remove her sweater, refusing to assist her with class work, and sending

her to the office because of her apparel and causing her to miss lunch.  *Id.*  Plaintiff does not

allege a basis for the alleged discrimination or harassment.  *Id.*  The complaint seeks relief for

the actions taken against the minor child.  *Id.*  By order dated January 31, 2012, Plaintiff was

advised that

> Plaintiff may not represent her minor daughter in this case.  If she wishes to proceed with
> this case on behalf of her minor daughter, Plaintiff must retain legal counsel to represent
> and protect her daughter's interests.  If counsel has not entered an appearance on behalf
> of the minor child within **TWENTY (20)** days from the date of this order, dismissal of
> the case will be recommended.

(*See* doc. 6).  More than twenty days have passed, but no counsel has entered an appearance.

## II.  ANALYSIS

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C.A. § 1654.  Although Fed. R. Civ. P. 17(c) permits a parent or guardian to sue on behalf of an infant or incompetent person in certain circumstances, a guardian or parent may not file and prosecute an action on behalf of a minor child without legal representation for the child.  *See Martin v. Revere Smelting & Refining Corp.*, No. 3:03-CV-2589-D, 2004 WL 852354, at *2 (N.D. Tex. Apr. 16, 2004) (recommendation of Mag. J. discussing cases), *adopted in part by* 2004 WL 1161373 (N.D. Tex. May 24, 2004); *see also Francine v. Dallas Independent School Dist.*, No. 3:02-CV-1853-P, 2003 WL 21501838, *3 (N.D. Tex. June 25, 2003) (discussing cases).  The Fifth Circuit has stated that "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law".  *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court).

By order issued January 31, 2012, Plaintiff was advised that she was required to obtain legal counsel in order to proceed with this action on behalf of her minor daughter, and that dismissal of this case would be recommended if no attorney had entered an appearance within twenty days.  (*See* doc. 6).  No attorney has entered an appearance, however.

## III.  CONCLUSION

Because Plaintiff may not prosecute this complaint on behalf of her minor daughter without legal counsel, the case should be dismissed without prejudice.

2

**SO RECOMMENDED on this 23rd day of February, 2012.**


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE



**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE